**In re John J. PLAFCAN and Betty C. Plafcan.**

**In re PLAFCAN FARMS, INC., Debtors.**

**Bankruptcy Nos. HE 87–30M, HE 87–31M.**

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Feb. 3, 1988.

A.L. Tenney, Little Rock, Ark., Trustee.

Charles W. Baker, Little Rock, Ark., for debtors.

William A. Waddell, Jr., Little Rock, Ark., for Federal Land Bank.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On March 2, 1987, John J. and Betty C. Plafcan filed a voluntary petition for relief under the provisions of chapter 12. On the same day, Plafcan Farms, Inc., (Plafcan Farms) also filed a voluntary petition for relief under the provisions of chapter 12. John and Betty Plafcan are the owners of all the outstanding stock in Plafcan Farms. On March 17, 1987, both debtors filed a motion to consolidate the two cases for administrative purposes. A hearing was held on the motion and the motion was granted although debtors' counsel has not yet submitted a precedent for the Court's signature.

On September 22, 1987, both debtors submitted one "Consolidated chapter 12 Plan." The debtors served notice on creditors to file objections to confirmation in writing on or before October 26, 1987. A confirmation hearing was scheduled for November 2, 1987. Federal Land Bank of St. Louis

filed the only written objection which was subsequently withdrawn.

The trustee appeared at the hearing and orally objected to confirmation on the basis that John and Betty Plafcan's income for the year preceding the filing of the petition did not meet the eligibility requirement for a family farmer as required by 11 U.S.C. § 101(17)(A). It was stipulated by John and Betty Plafcan that their income would not meet the eligibility requirement for a family farmer unless the income of Plafcan Farms was included in the computation. Both debtors argue that Plafcan Farms' income should be included because they have filed one substantively consolidated plan.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052.

For a chapter 12 plan of reorganization to be confirmed, the requirements of 11 U.S.C. § 1225 must be met. 11 U.S.C. § 1225(a)(1) provides that the plan must comply with all of the provisions of chapter 12 and all of the applicable provisions of Title 11.

11 U.S.C. § 109(f) provides that: Only a family farmer with regular annual income may be a debtor under chapter 12 of this title.

11 U.S.C. § 101(17)(A) defines a family farmer as follows:

> [An] individual or individual and spouse engaged in a farming operation ... and such individual or such individual and spouse receive from such farming operation more than fifty percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed.

Here, the stipulated facts are that John and Betty Plafcan, as individuals, do not qualify for relief under chapter 12. Both debtors attempt to cure the jurisdictional defi-

ciency by filing a substantively consolidated plan. Substantive consolidation involves the combining of assets and liabilities of two estates. *Holywell Corp. v. Bank of New York,* 59 B.R. 340 (S.D.Fla.1986). The authority of a bankruptcy court to substantively consolidate two cases is based on its general equitable powers now codified in 11 U.S.C. § 105(a). *See Holywell Corp. v. Bank of New York,* 59 B.R. at 347. *In re Food Fair, Inc.,* 10 B.R. 123 (Bankr.S.D.N.Y.1981). However, substantive consolidation has never been used as a substitute for eligibility requirements for one or both of the debtors under the Bankruptcy Code. There are no reported cases on this issue, but it is logical that before one debtor's case may be consolidated with another debtor's case, both debtors must be eligible for relief. John and Betty Plafcan are not eligible for relief under chapter 12, therefore, the consolidated plan cannot be confirmed. The case of John and Betty Plafcan is hereby dismissed. In the case of Plafcan Farms, Inc., the debtor is hereby granted twenty days to file a modified plan or the case will be dismissed without further notice.

IT IS SO ORDERED.